Good morning, Your Honors, and may it please the Court. My name is Brian Schmalzbeck, and I'm honored to represent the appellant, Mr. John Rodgers. This case is about two distinct types of career-threatening penalties for tax return preparers. The District Court imposed these penalties on a three-decade tax return veteran who had never been disciplined by any tax, accounting, or legal authority and who received a pedestrian four-figure fee for all of the tax returns at issue. By way of a roadmap, I'd like to address the two separate penalties separately, both because they have different requirements and because the government chose to charge different penalties for different returns. Could you focus on the penalty for recklessly or intentionally not complying with the rule or statute? Sure, Your Honor. As I read this record with respect to the Ross return and the Keller return, whatever else the District Court found or didn't find, it found that your client recklessly or intentionally disregarded the home mortgage interest limitation and then, as to the Keller return, recklessly or intentionally disregarded the passive activity loss rule. Those seem to be at least based on the correct recitation of the statutory standard. Why shouldn't we affirm them? Right, Your Honor. There's a category mistake that the District Court made and the government made in pursuing those arguments. So it's definitely the case that Mr. Rogers knew about the home mortgage interest deduction limitation and the passive activity loss limitation. That's undisputed. But what the category mistake is is that that penalty, the reckless disregard of rules penalty, is designed to get at recklessness or intent as to the law, not as to the facts. And I think the clearest— So are you arguing that there's not sufficient evidence to support those findings? See, I understand your argument with respect to the willfully is different. The judge applied the wrong standard and included recklessly. But as to these, you're making a factual argument? There's not sufficient evidence to support the findings? Here's the factual deficiency. There may be a legal deficiency also, but the factual deficiency is that in order to apply the reckless disregard of rules penalty, the District Court would need to make a factual finding that is a predicate for that, which is that Mr. Rogers knew the facts that implicated those rules. So to take the two penalties you correctly identified— So let's focus on the home interest one. Sure. He says—the District Court says the amount of interest claimed should have alerted him that the rule applied. He knew of the rule, but recklessly or intentionally prepared a return that wasn't in conformance with the rule. Why don't the facts support that finding? Because it's undisputed that he did not know that the amount of the principal exceeded $1 million. There's no finding that he knew that. And to the District Court's point that maybe he should have, which would certainly be relevant to a negligence analysis, but here there are plenty of things that would cause a large deduction there. There are points. It could just be a high interest rate mortgage. The mere fact—which is the only fact the District Court cites— the mere fact that the size of the interest is not sufficient to support a finding that he recklessly or intentionally failed at a false return. Right. That's exactly right, Your Honor. What's your best authority for that? Your Honor, the best authority for that is the Treasury regulation at 26 CFR 1.6694-3C1, which says that a preparer is reckless in not knowing of a rule or regulation. If the preparer makes little or no effort to determine whether a rule or regulation exists. And here that regulation, and therefore this penalty, is not implicated because it's undisputed that he knows and knew that the rule exists. Now you're saying something different, Your Honor. I thought I understood your argument before, which was the sufficiency—the evidence argument. You're arguing that this penalty called the sub B penalty, the subsection 2 penalty, doesn't apply if someone knows a rule exists? It applies if they know the facts that implicate those rules. So, for example, Your Honor, if the employee— He knows the rule exists. He knows there's a limitation. And you're saying, but he didn't know sufficient facts to suggest to him that the limitation was implicated in this case. That's right. And that— My question is that, knowing the amount of the interest, he recklessly disregarded the facts that would have told him that the limitation was— Right. I think that's the government's position. But I think we need to be careful to distinguish between the sub A penalty and the sub B penalty. Yeah, and I'm not talking about B right now. Right. But the reason that sub B— I'm sorry, just for clarification, are you talking about 6694B2B right now? That is the reckless disregard of rules penalty, yes. Because I want, if you could, and maybe this is just a different version of the same question Judge Hurwitz is asking, but I'm just trying to figure out, because the district court considered your client's explanation for not knowing the rules that it was inadvertent, right? That's what your client was saying, that it was inadvertent. Right. Okay. And you're saying that that's enough, basically, I think, is what you're saying, if it's inadvertent. And the court found that explanation was not credible. Right. And so I'm just trying to figure out, how do we overturn a finding like that? Aren't we obligated to defer to the judge as a fact finder's judgment on something like that? Right. I think it's not entirely clear what the district court was referring to when he said— Well, it seems pretty clear. Rogers knew of the rule. Rogers knew of the rule for both Keller and the Ross returns. Yes. Is that finding supported by the record? Absolutely. That he knew of the rule, that is undisputed. Absolutely, Your Honor. I believe, Judge McGill, what you're referring to is the district court's shorthand for Mr. Rogers' testimony that he missed it in overcoming this return. And the district court apparently found that explanation not credible. But that doesn't go to whether he actually knew the facts. He knew—maybe he should have checked it. That seems to be the import of the district court's finding, that he should have gone back and checked to find what the actual mortgage balance was. And the court did say that, too, that he should have gone back and checked. Correct. Right. Okay. But without this predicate factual finding that Mr. Rogers was aware that the balance exceeded the permissible amount, then there's no basis for getting to the question that— So what if the balance were $4 billion? What if the interest claim were $4 billion? Right. Would that be enough to put him on notice? Would that be enough to meet the requirements of Subsection B? That would, of course, be a basis for a negligence penalty and for something that large for a taxpayer where that would— I mean, he would have a gigantic refund due to him, basically a credit at that point. The tax preparer would have looked at that and said— if the tax preparer just took that information and put it in, he would have violated B, would he not? That's right. So why is the number here not so illuminating as the $4 billion number I just gave you? Right. Your Honor, one, because it's not— the ultimate principal balance was $1.6 million, and $1 million is the cutoff. And so we're not talking an order of magnitude difference. But the way you phrased that question is quite important. What if he had put it in? Because that's not what happened here. What happened here is that Mr. Rogers' experienced senior tax accountant, a la Troitskaya, she's the one who saw the Form 1098, and she's the one who input that data into the form. And so the government might have had a case for pursuing a recklessness penalty against her. Your Honor, he signs the return. Does he not? He does sign the return, yes. Okay, and he sees a return with an interest deduction of how much? I believe it was $78,000. $78,000. And so the government's position may not be right, is that seeing that, he should have known it was too high. It was reckless for him to put that in because anybody looking at that would know it's too high. And so to go back to the regulations, the recklessness— it doesn't automatically tell you that the mortgage is above a million. That's absolutely right because— Thank you. You don't need to explain that further. So are you suggesting then that we remand for the court, the tax court here, to determine whether there was a predicate factual finding? I'm just trying to figure out where you're going with this argument. Right. If a remand is necessary, it's necessary, but I think at this point where the government has had a full opportunity to put on their case, a remand is not necessary because they haven't introduced that factual predicate that's necessary to get there. And under Section 7491C, that is the government's burden to come forth, at least initially, to meet their burden of production. Can we get to the other half of the case? We started you out with the B-2 stuff. As to B-1, let's just assume for purposes of this question that I think recklessness is not subsumed in willfulness. Don't we have to remand for the judge to make a determination about whether the evidence was sufficient to demonstrate willfulness? Right. I don't think so, Your Honor. First, the government hasn't asked for remand. But second, this is— We can ask her that. Fair enough. This is an unusual scenario where it's not a jury trial. It's a bench trial. Right. And Circuit Precedent said before this case was litigated, this is what you have to prove. Let's assume the judge made a mistake. He applied the wrong standard. A bunch of evidence was put in the record to the judge. Now the question is, we can look at that evidence. It's tedious. We can go through the whole record and say, gee, we don't know that it adds up to this, or maybe it does. Or we can say to the district judge, you heard all this evidence. Here's the correct legal standard. Apply it to this evidence and tell us what your conclusion is. If he concludes it doesn't meet the standard, we're done. If he concludes it does, you can come back to us and explain to us why it doesn't. But shouldn't—isn't that the appropriate thing to do with that part of the case? Sure. I don't think so, Your Honor, because the ordinary waiver rules still apply here. And the government could have so easily said, we think all we have to show is reckless disregard to meet willfulness. But given what Ninth Circuit law says about this, we're going to go ahead and save time on this litigation and just put forward both cases at once. We only think you have to prove reckless disregard, which we say is wrong. But they had every opportunity to ask the judge to make that finding. And under these circumstances, I think it's a waiver that they have decided not to ask the judge to make that finding in the first instance. And just to follow up on the other half of that question, Your Honor, I don't think this court in this posture can make that finding, because what willful— Thank you. That would be a great relief to me. Well, happy to relieve you. The reason that's not proper here is because what willfulness actually requires is a separate factual finding about what was in Mr. Rogers' head. And that's something that I don't think on a cold record can be done. Well, we could look at the record and determine whether or not there was any evidence of that and therefore find in your favor. Or we could say to the district judge, gee, you were misled as to the standard. You heard all the evidence. We're not asking you to have a new trial. Does any of it meet the standard? That's what I was asking. That's correct. You don't—I mean, we do this in other contexts. If there's a full record, see if there's enough evidence to support a willful finding. Why wouldn't we be able to do that here? Your Honor, if you're going to look through the record to see is there any evidence for which we'd even have to bother with a remand, yes, of course, that would be proper. I don't know if the case has been— That was my question. I'm sorry I didn't phrase it that well. But that's right. Did you want to reserve the balance of your time? Yes. Thank you, Your Honor. Okay. Thank you. May it please the Court. I'm Rachel Wolitzer, representing the Appellee of the United States. John Rogers was a highly experienced tax attorney and CPA. He had a close relationship with the taxpayers, Ross, Keller, and their companies, and he admits that he was the return preparer for all nine of the returns at issue. As set forth in the district court's detailed findings of fact, each of these nine returns contained numerous errors, including overstated and improper deductions and understated income. And we start from that premise because if the returns were accurate, nobody would be here. Correct. So let's—I'm going to ask questions in the opposite order I asked you, Fred. Okay. With respect to B2A1, I think, but at least the willfulness requirement, the willfulness allegations here, the judge seemed to think that you could show willfulness through recklessness. Ritchie seems to suggest the contrary. I know you make an argument about why Ritchie is only dictum and doesn't apply, but let's assume that we think that recklessness is not the same as willfulness. What do we do with all of his findings under A? The court included, I believe it was a one or two-sentence statement that willfulness includes recklessness. Right. And I take him at his word. We always like to believe what district judges tell us. I think that if you look at the context of the court's opinion and the detailed factual findings of the court and the circumstantial evidence of intent and willfulness that the court relied on— But he didn't find—see, he may have—and this is the question why I asked your friend this question. It may well be that a finder of fact could look at all these facts and find willfulness under the Ritchie standard, if you will. But he didn't. He seemed to say, I equate willfulness with recklessness. And so I've got the same problem. Do you want us to go back and make findings for the district court in the first instance on those? Or should we go back to the district judge and say, hey, look, you had it wrong. Recklessness is not willfulness. You might be able to find willfulness, but we're not going to find it for you. Okay. The court repeatedly stated in its opinion that it was finding that Roger's conduct was willful. Right. Particularly with respect to the company. But if we assume—let's assume that the district judge's one or two sentences where he said willfulness is the same as recklessness are what guided his determinations of willfulness. What do we do then? I think you can still look at the opinion as a whole and look at the detailed findings on willfulness and look at the court statements that Roger's conduct was willful and not necessarily be bound by those statements. Now, our position is that the court found that Roger's conduct was willful, even if recklessness is not included in that. But if the judge did think recklessness was included, you're saying we should ignore what he said and just look at the facts and find willfulness ourselves? I'm not saying ignore. I'm saying interpret the court's opinion as the court meaning what it said when it said willfulness. So there were some parts of the opinion where the court used the word recklessness. Right. There were some parts of the opinion where the court used the word willfulness. Where the court used the word willfulness, the court meant willfulness and was not necessarily bound by its previous definition of willfulness, including recklessness. However, if it is interpreted as being limited to recklessness and this court finds that the district court solely meant that willfulness was limited to recklessness, then there still is a strong basis for affirming the district court on that basis. Primarily, the Supreme Court's decision in Safeco that willfulness in a civil context does include recklessness. So you think Ritchie has been overruled? Well, not overruled necessarily, Your Honor, but certainly limited because Ritchie was decided 14 years before Safeco. But I don't think you necessarily even need to go that far. Ritchie did not involve the definition of willfulness as including recklessness or not. It was a collateral estoppel case. So basically, it held that willfulness in the criminal context included willfulness in the civil context. Now, admittedly, the court said it's the same. At the government's behest, by the way. In this case, you said to the judge, we think recklessness is willfulness. It is a common context that where there is a criminal conviction, the government will rely on that to collaterally estop a defendant from denying the civil consequences of the same conduct. However, that doesn't mean it doesn't go the other way around. And, in fact, the government isn't allowed to rely on a civil decision in order to estop a defendant in a criminal context. So the criminal willfulness includes the civil willfulness, but it certainly isn't the other way around, and it doesn't necessarily mean that it's the same. So that is... So here's my difficulty. When you look at this statute, and I keep getting the numbers wrong, 6694B2, 1 says willful, A says willful, B says reckless or intentional. If willfulness encompassed recklessness, why the two different terms in the same statute? Again, there would be some overlap in the statute. And, of course, we always assume that Congress knew what it was doing, which is a fiction, but it's a fiction we engage in. Yes, Your Honor, but we do in even this court on some cases that we cited in our brief that on pages 65 and 66 of our brief, superfluousness doesn't necessarily, or overlap doesn't necessarily render part of a statute superfluous. So there can be some overlap. And, indeed, where B2B says reckless and intentional, the word intentional overlaps with willfulness in the first subsection. So there is overlap in a couple different areas. Yes, Your Honor. Well, I just wanted to see what the practical resolution here is. It seems like Ritchie is significant, at least for me, for our court, when it says that that definition is incorrect. I know you're trying to argue. We could look otherwise, but say I'm guided by Ritchie. And so let's assume we disagree with you that willful encompasses reckless disregard. What then? Can we still affirm or do we have to send it back? And if you can, walk me through that, especially for the companies. What are the specific facts that we should look to and where specifically in the record is this? And I'm particularly concerned about the corporate return since all those violations were based on willfulness. So trying to word this as practically as possible. Yes, Your Honor. Again, in a fraud, I recall a fraud case where one of the six circuit, I believe it was, the Richardson case where the court said it is a rare taxpayer who announces to the world his intent to defraud the United States government. So here, same with willful. We're not going to get a smoking gun statement by Richards that I'm going to cheat the government on these returns. So we're looking at circumstances. We're looking at the number of errors on those company returns. We're looking at his high degree of experience as a tax attorney and a CPA. We're looking at his close relationship with these companies. This was not really an arm's length relationship. Rogers had prepared Ross's returns for many years, and he helped set up the accounting system that these three companies followed. He was intimately acquainted and familiar with the accounting systems and very familiar with how they were set up. And also the most, I believe if there is a smoking gun in this case, it is the alterations to the financial statements. So Rogers and his staff instructed the bookkeeper of the companies, who by the way was trained by a former employee of Rogers. So the bookkeeper was instructed by Rogers and his staff to make alterations to the financial statements of the companies. And in Rogers' own words, these alterations were made, and I quote, to support the tax return as it would then appear. And this is discussed on page 50 of our brief and in the excerpts of record volume two on page 203. So essentially there was a process by which profit and loss statements were generated and Rogers and his staff would make alterations to these to support the tax returns. So in some cases, such as country club dues, they were originally shown on the statements as country club dues or membership dues, and then Rogers and his staff would instruct the company to reclassify it into a category of expenses that would be deductible. So in some cases, even the general ledgers were altered and Rogers and his staff instructed. There were specific instances of Rogers instructing the staff to make alterations to the general ledger, which is the source of the profit and loss statement information. It seems like a lot of these returns, there were multiple problems. And for us to affirm the penalty, we just have to agree with one of the identified understatements, and that meets the standard in 6694, is that correct? Yes, Your Honor, because the statute says that any tax return preparer who prepares any return or claim for refund, with respect to which any part of an understatement of liability is due to a conduct described in paragraph two, shall pay a penalty with respect to each such return or claim in an amount equal to, and then the amounts are set forth. That's the causation requirement in the statute. Correct. And then if you could just respond to Mr. Smaltzbach's argument regarding that there was no predicate factual finding. I want to better understand that, and I thought maybe if you could address that, that could be. On the recklessness issue, Your Honor? Yeah, I think that's where he was arguing that there was no predicate factual finding. And if you could address both of the reckless findings, because here we only dealt with one of them. Okay. Thank you. I believe what he's arguing is that the recklessness, reckless disregard subsection is only aimed at if you were reckless and not knowing. That's why he seemed to correct that. He seemed to say the judge had perfect basis in the record for finding that my client knew of the rules, but not enough facts to show that he recklessly or intentionally disregarded them. Correct. I think that's what he said. He can correct it when he gets up. But if that's what he said, address what facts there were from which the judge could find that he recklessly or intentionally disregarded the rules. Okay. Well, primarily the court did not, as has been pointed out, the court did not believe John Rogers' explanation that these errors were inadvertent. The court expressly found them. They can be non-inadvertent. Well, so you're saying when he doesn't believe the inadvertent, he must necessarily have found that it was reckless. Deliberate, or exactly, Your Honor. Generally, the opposite of inadvertent would be deliberate or at least reckless. But I'd like to point out, look at the regs for a minute, because regulation, Treasury Regulation 1.6694-1E1, has some very important language, which talks and it applies to willfulness and recklessness. And it applies to the situation here, where Mr. Rogers is saying, oh, well, I just relied on what was given to me. I just looked over the return. The tax return preparer may not ignore the implications of information furnished to the tax return preparer or actually known by the tax return preparer. I'm accepting that. I was asking a different question. Your friend said, well, all I knew was that there were 70-something thousand dollars in interest deductions. That shouldn't have alerted me in any way, Mr. Rogers, that this was a mortgage in excess of a million dollars. And I don't know what the answer is as to the passive activity loss, but let's focus on that first. The taxpayer, Ross, testified, Your Honor, that he did give Mr. Rogers the 1098 form, which would have specifically stated the amount of the principal indebtedness. It's on the form. So, again, he's saying he didn't look at it, but under the regs, you are required. Okay. And then for passive activity loss, that's actually, you can decide that based on the information on the return itself. Thank you very much. I want to understand this, because I've got to tell you I'm not a tax expert. The passive activity loss on the return just exceeded the amount allowed, period? Correct. Without regard to the identity of the taxpayers? Well, for Mr. Keller. But it's in relation to the loss. You look at the loss, and then you look at the gain. So, thank you. Thank you. Thank you, Your Honor. In my very short time, I think I want to prioritize by focusing on what my friend suggested is a basis for affirming the willfulness finding, notwithstanding that the district court relied on willfulness as recklessness. And I think my friend correctly identified this excerpt of Record 203 as the government's best evidence. To contextualize, this was Mr. Rogers' testimony in open court. This wasn't like in Pickering, where the evidence of willfulness was the company's internal bookkeeper told the tax return preparer, boy, don't you think the IRS is going to look askance at these personal deductions? And the return preparer said, don't worry about it. And even then, Pickering said that was weak. But here on page 203, the testimony is, if it's a corporate return we are adjusting, we suggest the corrections to the account balances, and we get a new profit and loss to support the tax return as it then would appear. What's going on here is that Mr. Rogers is an accountant. He is suggesting necessary corrections to the company's accounting, which then, in turn, require a new profit and loss, which flows directly from changes to the general ledger to support the tax return. A new profit and loss is necessary because there have been necessary changes to the general ledger. And that's undisputed, that a general ledger with that suspense account in place is not yet ready. It has not yet been completed and ready to be the basis of a tax return. I see that my time is up. Thank you. We ask you to reverse with instructions to enter judgment for Mr. Rogers. Thank you very much. I appreciate both of your oral argument presentations on this tax matter. It was very helpful. The matter in the case of John Rogers v. United States of America is now submitted.
judges: Murguia, Hurwitz, Zipps